UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NANCY S. KEETCH and RODNEY   A. KEETCH,<br><br>                Plaintiffs,<br><br>        vs.<br><br>SAXON MORTGAGE SERVICES, COMMENCEMENT OF DISCOVERY INC., a Texas Corporation, OCWEN LOAN SERVICING, LLC, a Delaware Limited Liability Company; SPECIALIZED LOAN SERVICING   LLC, a Delaware Limited Liability Company; EQUIFAX INFORMATION SERVICES, LLC,   a Georgia Limited Liability Company; EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio Corporation; and TRANS UNION LLC, a Delaware Limited Liability Company,<br><br>                Defendants. | NO. 13-CV-0332-JLQ<br><br>ORDER DENYING DEFENDANT OCWEN'S MOTION TO DISMISS AND DIRECTING SUPPLEMENTAL BRIEFING ON ISSUE OF PREEMPTION |

BEFORE THE COURT is Defendant Ocwen Loan Servicing LLC's Motion to Dismiss Plaintiffs' Complaint. (ECF No. 16).  Plaintiffs opposed the Motion (ECF No. 28) and Ocwen replied (ECF No. 32).  For the reasons set forth below, Ocwen's Motion is **DENIED**.

I.    **BACKGROUND**

Plaintiff originally filed this action in Spokane County Superior Court.  Defendant Trans Union LLC removed the case to this court on September 17, 2013.  In the

ORDER - 1

Complaint, Plaintiffs allege two causes of action against Defendant Ocwen: (1) violation of 15 U.S.C. § 1681s-2(b) of the Fair Credit Reporting Act; and (2) violation of Washington's Consumer Protection Act, RCW 19.86.020.  The following background is set forth in the Complaint.

In 1998, Plaintiffs obtained a loan in the amount of $100,300 to purchase a residence at 1217 S. Jefferson Street in Spokane Washington.  (ECF No. 20).  In 2001, Plaintiffs sold the property in a short sale leaving a deficiency of $32,377.86 on the loan. (ECF No. 1, Ex. B at ¶ 4.4).  On April 25, 2001, Plaintiffs executed a Promissory Note in favor of Meritech Mortgage Services in the amount of $10,000 to satisfy the deficiency. *Id*. On January 6, 2005, Plaintiffs filed for bankruptcy. *Id*. Saxon was servicing the Note and asserted a claim in the bankruptcy proceedings in the amount of $8,530.68. Plaintiffs allege the amount owing on the Note was paid through the bankruptcy proceedings.  On January 10, 2008, Plaintiffs Chapter 13 bankruptcy was discharged. *Id*. at ¶ 4.18.  On August 19, 2008, Plaintiffs' counsel sent Saxon a letter asking Saxon to stop collection notices and reminding Saxon of the bankruptcy discharge of the Meritech debt.

In April 2012 (after Saxon was allegedly acquired by Ocwen), Saxon transferred the "servicing" of the allegedly discharged Note to Ocwen. *Id*. at ¶ 4.32.  Plaintiffs received a letter dated April 11, 2012 from Ocwen stating the unpaid debt was $3,371.76.  Plaintiffs also allege they received collection letters from Ocwen dated April 17, 2012, April 21, 2012, and April 23, 2012.  Plaintiffs responded to Ocwen and forwarded to it documentation it had previously provided to Saxon.  Plaintiffs received additional collection letters and notices from Ocwen dated May 30, 2012, June 4, 2012, June 13, 2012, June 26, 2012, August 26, 2012 and December 31, 2012. *Id*. at ¶¶ 4.46, 4.47, 4.48, 4.49, 4.51, 4.65.  As of August 29, 2012  Specialized Loan Servicing, LLC became the "servicer" of the Note.

Both of Plaintiffs' credit reports dated August 22, 2012 showed that they had an Ocwen account that was a "conventional mortgage" that was 120 days late as of May

2012. *Id.* at ¶¶ 4.69, 4.72, 4.73, 4.80.  On September 11, 2012, Plaintiffs sent the three Defendant credit reporting agencies consumer dispute letters disputing the inaccurate Ocwen account. *Id.* at ¶ 4.81.

The Complaint alleges that on September 18, 2012, Plaintiff Rodney Keetch received a response from Defendant Equifax stating that "[Equifax] 'researched' the Ocwen account, and 'the creditor has verified to our company that the current status is being reported correctly'" and the status of the account was "balance $3,298; amount past due $778; date of first delinquency February 2012; collection account; conventional mortgage." *Id*. at ¶ 4.85, 4.86.   On September 19, 2012, Plaintiff Nancy Keetch received a different response from Equifax stating the Ocwen account had been researched and "this item has been updated to report as paid in full," but also listed a status of "date of first delinquency February 2012; over 120 past due; conventional mortgage; transferred or sold." *Id*. at ¶ 4.90.

## II.    LEGAL STANDARD

### A. Fed.R.Civ.P. 12(b)(6)

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 12(b)(6). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star. Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.1983). In ruling on a motion to dismiss under Rule 12(b)(6), the court takes "all allegations of material fact as true and construe(s) them in the lights most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1990). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear ... that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir.2003). However, "[l]eave to amend need

not be granted when an amendment would be futile." *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002).

### B. Judicial Notice

Defendant requests judicial notice of the Deed of Trust recorded on September 18, 1998 in the Spokane County Recorder's (Auditor's) Office as Document Number 4820112.  (ECF Nos. 18, 20). This document is appropriate for judicial notice because it is a public record and is "not subject to reasonable dispute." Fed.R.Evid. 201(b).

## III.   DISCUSSION

## A.   Fair Credit Reporting Act

Plaintiffs' Third Cause of Action alleges that Ocwen violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, by: 1) continuing to furnish information to CRAs without also stating that the debt was disputed; 2) "failing to fully and properly investigate" the Plaintiffs' disputes of Ocwen's representations; 3) "failing to review all relevant information..."; 4) "failing to accurately respond to CRAs"; 5) "failing to correctly report results of an accurate investigation to another credit reporting agency"; 6) "failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Furnishers' representation to the consumer credit reporting agences." (ECF No. 1, Ex. B at ¶7.3).

Defendant argues that Plaintiffs' Complaint fails to state a claim under the Fair Credit Reporting Act § 1681s-2(b) because Plaintiffs fail to specifically plead that the Credit Reporting Agencies ("CRAs") notified Ocwen of the dispute.  Plaintiffs contend they have adequately pleaded notification but request leave to amend, should the court decide the claim is inadequately pled.

The purpose of the FCRA is "to protect consumers against inaccurate and incomplete credit reporting." *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002).  In addition to imposing duties on credit reporting agencies ("CRAs"), "the FCRA imposes some duties on the sources that provide credit information to CRAs, called 'furnishers' in the statute." *Gorman v. Wolpoff & Abramson,*

*LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009).  Title 15 U.S.C. § 1681s–2 outlines the duties of a furnisher, which include both providing accurate information to the CRA in the first instance (15 U.S.C. § 1681s–2(a)), but also investigating and/or correcting inaccurate information (15 U.S.C. § 1681s–2(b)).  Although there is no private right of action under §1681s-2(<u>a</u>), a private right of action is permitted for a violation of § 1681s–2(<u>b</u>) which duties "arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Id*. at 1154 (citing *Nelson*, 282 F.3d 1057, 1059 (9th Cir.2002)).

The Complaint alleges at ¶ 4.81 that on September 11, 2012, the Plaintiffs mailed dispute letters to all three Defendant CRAs.  In ¶ 4.85 and ¶ 4.87 Plaintiffs allege that Mr. Keetch was informed by letter from Equifax dated September 18, 2012 that it had "researched" the Ocwen account, that "the creditor" (suggesting Ocwen) had verified the status of the account, and that information on his credit report was altered.  Likewise, the Complaint alleges at ¶ 4.90 that Equifax informed Mrs. Keetch that it had "researched" the Ocwen account and as a result the information on her credit report was updated.  Plaintiffs also allege that Mr. Keetch received notice from Experian stating it had "updated" Ocwen account information (¶ 4.95) and that Mrs. Keetch received a response from Trans Union that it had "investigated the Ocwen...item[]" (¶4.96).

In order to survive a Motion To Dismiss under Section 1681s-2(b), Plaintiffs need not specifically allege that the CRA notified the furnisher of the dispute.  Indeed, this is a fact a plaintiff may not be able to plead at the time of the filing of the complaint because the FCRA does not require the CRA to notify the consumer when it reports the dispute to the furnisher.  *See*, *Lang v. TCF Nat'l Bank*, 429 Fed.Appx. 464, 466-567 (7th Cir. Sept.21, 2007)(unpublished).  Because Section 1681i(a)(2) of the FCRA requires a CRA to promptly notify a furnisher like Ocwen that a consumer has disputed particular information provided to the CRA, it is therefore plausible that Ocwen received notice when the Complaint alleges that (1) Plaintiffs notified a CRA of the disputed information; and (2) that the CRA pursued the dispute.  Plaintiffs' alleged receipt of

correspondence from the CRAs stating the dispute had been "researched," "reinvestigated," or "verif[ied]" with "the creditor" is more than sufficient to suggest the plausibility of contact with the furnisher.  Other courts agree and Ocwen does not cite a single case suggesting the pleading standard should be higher.  *See, e.g.*, *Lang*, 2007 WL 2752360, at *2 (7th Cir. Sept.21, 2007)(unpublished)(supra);  *Eddins v. Cenlar FSB,* 2013 WL 4054706 (W.D.Ky. 2013)(letter from Trans Union suggesting it had "verified" the account as accurate was sufficient to avoid dismissal of action under § 1681s2(b)); *Miller v. Best Buy Co., Inc.*, 2013 WL 4502295 (D.Colo. 2013)(allegation that the credit bureaus "reinvestigat[ed]" was sufficient)*;  Wang v. Asset Acceptance LLC*, 2010 WL 2985503 (N.D.Cal. July 27, 2010)(rejecting argument that plaintiff must allege additional facts about notice, including when CRA notified furnisher of the dispute because defendant "[did] not explain how Wang or similarly situated consumers would have access to those 'facts' without formal discovery").

Accordingly, the Complaint adequately states a claim pursuant to the Fair Credit Reporting Act §1681s-2(b) against Ocwen.

**B.    Washington Consumer Protection Act**

Plaintiffs' Fifth Cause of Action *alternatively* alleges that the same conduct violating § 1681s-2 of FCRA, also violates the Washington Consumer Protection Act (CPA).

Ocwen moves to dismiss this claim on the ground that the elements of unfair conduct and injury are insufficiently pled .  The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. A private cause of action exists under the CPA if (1) the conduct is unfair or deceptive, (2) occurs in trade or commerce, (3) affects the public interest, and (4) causes injury (5) to plaintiff's business or property. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780, 719 P.2d 531 (1986).

The court rejects Ocwen's contention that Plaintiffs' claim is inadequately pled

because there are no "allegations that Ocwen has continued [after November 2012] to report improper information..." (ECF No. 16 at 7). To state a claim under the CPA, it is not necessary that the allegedly unfair conduct be ongoing for a certain length of time. For the first time, in its Reply Ocwen also raises the additional argument that the Complaint is deficient because "there are no factual allegations as to what recoverable injury Ocwen has caused." Ocwen correctly points out that personal injury damages for such things as inconvenience, mental distress, or embarrassment are not recoverable under the CPA. *Panag v. Farmers Ins. Co. of Washington*, 166 Wash.2d 27 (2009). However, the CPA's "injury" requirement is distinct from "damages" and covers a broad range of harm, including non-quantifiable losses (e.g., the alleged negative impact on credit history) or when "property interest or money is diminished because of the unlawful conduct even if the expenses caused by the statutory violation are minimal." *Mason v. Mortgage Am., Inc.*, 114 Wash.2d 842, 854, 792 P.2d 142 (1990). The Complaint alleges Plaintiffs have had to pay increased interest on an auto loan as a result of the violation. ECF No. 1, Ex. B at ¶ 4.100.

Although Plaintiffs' CPA claim against Ocwen is not defective on the grounds argued by Ocwen in its Motion, it appears the Plaintiffs' CPA claim could be dismissed as to the Defendant furnishers because it is expressly preempted by language of the FCRA. Section 1681t of the FCRA provides, in pertinent part, that "[n]o requirement or prohibition may be imposed **under the laws of any State**-(1) with respect to any subject matter regulated under ... (F) **section 1681s-2** of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies ...." 15 U.S.C. § 1681 t(b). The Ninth Circuit in *dicta* has indicated that under the preemption language of § 1681t(b), no claim can be brought under the other state statutes for conduct covered by 15 U.S.C. § 1681s–2. *Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d 1008, 1026 (9th Cir. 2009). The majority of and numerous other district courts have reached the same conclusion. *See e.g., Dvorak v. AMC Mortg. Services,* Inc., 2007 WL 4207220, at *5 (E.D.Wash. 2007)(J. Suko)(finding Plaintiffs' Washington CPA claim preempted by

FCRA); *Howard v. Blue Ridge Bank*, 371 F.Supp.2d 1139, 1144 (N.D.Cal.2005) (finding UCL claim preempted because "Congress intended the FCRA to preempt state laws regarding the duties of furnishers and the remedies available against them, rather than allowing different liabilities for furnishers depending on the state of suit"); *Roybal v. Equifax*, 405 F.Supp.2d 1177, 1181 (E.D.Cal.2005) (finding UCL claim, among others, pre-empted and stating "[o]n its face, the FCRA precludes all state statutory or common law causes of action that would impose any "requirement or prohibition" on the furnishers of credit information"); *Jaramillo v. Experian Information Solutions, Inc.*, 155 F.Supp.2d 356, 361–62 (E.D.Pa.2001) ("it is clear from the face of section 1681t(b)(1)(F) that Congress wanted to eliminate all state causes of action 'relating to the responsibilities of persons who furnish information to consumer reporting agencies' ").

As the preemption issue was not addressed in the briefs, any party may, within **ten (10) days** from the date of this Order, file a supplemental brief, no longer than five (5) pages in length, explaining why the court should or should not dismiss Plaintiffs' CPA claim with prejudice against the furnishers on the grounds it is preempted by FCRA.

**IV.    CONCLUSION**

For the reasons set forth above, **IT IS HEREBY ORDERED**:

1.  Defendant Ocwen's Motion to Dismiss (ECF No. 16) is **DENIED**.

2. Any party wishing to address the issue of preemption raised herein may file a supplemental brief no longer than five (5) pages within ten (10) days of this Order.

The Clerk of the Court shall enter this Order and provide copies to counsel.

Dated this 6th day of November, 2013.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE